## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                                            **CRIMINAL NO. 2:22-cr-2-KS-MTP**

**MICHAEL BROWN**

### MEMORANDUM OPINION AND ORDER

This cause comes before the Court on the Defendant Michael Brown's *pro se* Motion for Compassionate Release [49][1], which the Government has opposed [54]. Having reviewed the record in this case and the parties' submissions, and otherwise being fully advised in the premises, the Court finds that the motion is not well taken and will be denied without prejudice.

**I.     BACKGROUND**

On September 26, 2022, Defendant plead guilty to possession of 50 grams or more of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). On January 18, 2023, the Court sentenced him to 120 months of imprisonment followed by five years of supervised release and entered a Final Judgment accordingly.[2] [47]. He is currently incarcerated at FMC Devens, a federal medical facility. *See* https://www.bop.gov/inmateloc/?os=wtmb5_utkcxk5refapp%3Famp_kit1 (last visited 4/29/25). His projected release date is July 19, 2030. [49-3].

On August 5, 2024, Defendant filed this *pro se* motion for Motion for Compassionate Release. [49]. On December 23, 2024, Defendant filed a Notice of Supplemental Facts and Authority in Support of his Motion for Compassionate Release [58], and on February 25, 2025

---

[1] The document is titled "Affirmation in Support of Motion for Compassionate Release U.S.C. Section 3582(C)(1)(A)." The Court construes this as the motion.

[2] According to the Presentence Investigation Report, which the Court adopted, the defendant received a total offense level of 41 and a criminal history category of I. *See* [42] (under seal); [46]. The minimum statutory sentence was 10 years, while the Guideline range was 324 months to 405 months. *See id*.

again supplemented the record with additional statements and medical records [59].[3] Defendants' initial motion, as well as his supplements to the record, undoubtedly rely on his medical conditions as the basis for seeking compassionate release.

The Court has reviewed all the medical records submitted and finds as follows:

Plaintiff was sentenced on January 18, 2023 and entered the custody of the BOP. It is uncertain where he was incarcerated prior to March 2024, but by March 8, 2024 he had been transferred to FMC Devens in Massachusetts, which is a federal medical facility. [49-5] at p. 2; [57] at p. 139.[4] Defendant was diagnosed with end stage renal disease ("ESRD") in 2017 for which he had been receiving dialysis treatment. [57] at pp. 55, 409, 493, 511. Upon or soon after his arrival at FMC Devens, he consented to hemodialysis and received a dialysis treatment at FMC Devens. [57] at p. 132, 388; [49-5] at p. 2. Records reveal that Defendant has received consistent dialysis treatment since his arrival at FMC Devens through the time the instant Motion was filed. [57] at pp. 368-401; 419-448; 466-475. Defendant has been on a waitlist for a kidney transplant since April 11, 2018. [57] at p. 493.

Upon his arrival at FMC Devens in early March 2024, Defendant weighed between 224.8 and 225.1 pounds. [49-5] at p. 2; [57] at p. 170.[5] On August 16, 2024, Defendant weighed 223.5 pounds. [57] at p. 167. Defendant has been diagnosed with Type 2 (non-insulin dependent) diabetes with proliferative retinopathy and bilateral cataracts, for which he has received ongoing treatment.[6] Defendant has also been diagnosed and treated for hypertension and pulmonary

---

[3] Both parties have submitted numerous medical records.
[4] The records show that he may have transferred to FMC Devens from Plaquemines Parish Detention Facility in Louisiana on 3/7/24. [57] at 546. The precise dates and locations are not crucial to the Court's overall analysis.
[5] The Court found two separate records relating to his entry weight at FMC Devens. An intake form lists his weight on 3/8/24 as 102 kg (converted to 224.8 pounds); the other contains a complete record of his weight and lists his weight on 3/8/24 as 225.1 pounds.
[6] There are staff notes, for example, showing that Defendant was seen on 4/16/24, 5/28/24 and 7/9/24 for "continuation of care" for this condition. [57] at p. 12, 49, 72.

hypertension (4/16/24). [57] at p. 456. Defendant has been diagnosed and treated for other conditions as well—all of which appear to have been resolved. [57] at pp. 59, 234 (dental abscess resulting in extraction); *Id.* at pp. 67-68 (bilateral knee pain). At his 14-day physician evaluation, Defendant reported being a lifelong non-smoker and non-drinker. [57] at 107. However, at his intake psychology screening, he indicated a history of alcohol use and significant problems related to such use. [57] at 240.

## II.   DISCUSSION

### A.   Relevant Legal Authority

Under 18 U.S.C. § 3582(c), a district court "may not" modify a term of imprisonment once imposed, except under limited circumstances. One such circumstance is the so-called compassionate release provision, which provides that a district court "may reduce the term of imprisonment" where it finds "extraordinary and compelling circumstances." 18 U.S.C. § 3582(c)(1)(A)(i). A motion under this provision may be made by either the Bureau of Prisons or a defendant, but in the latter case only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.

If a defendant demonstrates that he has exhausted his administrative remedies with the BOP, the defendant then has the burden of demonstrating that he meets the requirements for compassionate release. *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014); *United States v. Whirl*, 2020 WL 3883656, at *1 (S.D. Miss. July 9, 2020). The Fifth Circuit has held that

> a prisoner seeking compassionate release must overcome three hurdles. First, "extraordinary and compelling reasons" must justify the reduction of his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Second, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. § 3582(c)(1)(A). Finally, the prisoner must persuade the

3

district court that his early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a). *Id.*

*United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022).

**B.     Analysis**

**1.  Exhaustion of Administrative Remedies**

Here, Defendant has submitted evidence of his request to the BOP and the Warden's denial. [49-4]. In his request Defendant states that he sought compassionate release for medical circumstances, specifically checking the box for "Medical Terminal (estimated life expectancy of 18 months or less)." In the portion of the form where Defendant is to explain the extraordinary or compelling circumstances, which could not have been foreseen at the time of sentencing, that he believes warrants compassionates release consideration, Defendant wrote "diabetes, kidney failure, high blood pressure, hypertension, retina eye disease, congestive heart failure.[7]"

The Government responded to Defendant's original motion and did not contest the exhaustion requirement. However, since the time of the initial motion, Defendant has filed supplements to the record with evidence of inadequate medical care at FMC Devens, via a report by an Inspector General [58-1], as well as medical records relating to an infection in his right foot [59-1], for which he contends he is not receiving proper care. Considerations of Defendant's alleged terminal and general health conditions are distinct from alleged general inadequate medical care and the BOP's inability to care for Defendant's specific medical needs, such as a foot wound.

Because Defendant's request to the BOP did not address these issues, these additional grounds must be made to the BOP so that the BOP can determine the validity of such a request. *Cf. United States v. Reeves*, No. 120CR111HSOJCG1, 2023 WL 8360066, at *3 (S.D. Miss. Dec.

---

[7] High blood pressure and hypertension are essentially the same condition, and the Court could not locate in the medical records any diagnosis of congestive heart failure.

1, 2023) (denying second motion for compassionate release, raising new grounds, due to failure to show request was made to the BOP). The Court declines to consider these latter issues because Defendant has not exhausted his administrative remedies as to these requests, which is a mandatory procedural requirement prior to seeking compassionate release in this Court. *See United States v. Smith,* No. 218CR001406JRGCRW, 2023 WL 3589840, at *7 (E.D. Tenn. May 22, 2023) (declining to address distinct issues not raised first with the BOP); 18 U.S.C. § 3582(c)(1)(A).

### 2. Extraordinary and Compelling Reasons

The Defendant having exhausted his administrative remedies on the request in his original motion, we now turn to Defendant's proposed basis for compassionate release. The analysis of extraordinary and compelling reasons is informed by the policy statement issued by the U.S. Sentencing Commission. *See* U.S.S.G. § 1B1.13 (Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)). Section 1B1.13 was amended in 2023 and now contains a non-exclusive list of six extraordinary and compelling reasons within the policy text itself, offering greater clarity to courts. *See* U.S. Sent'g Guidelines Manual Supplement to App. C (U.S. Sent'g Comm'n 2023) at 200–210 (Am. 814).[8]

Again varying a bit from his specific request to the BOP, Defendant states in his Motion that his "underlying health conditions put him at a high risk of prompt illness" and that he suffers from "end stage dialysis,[9] both of his eyes has [sic] bilateral cataracts which he can barely see, severe obesity issues, due to the toxic build-up, because the kidneys are damage[d] that cause excess calories to build up with serious comorbidity, and [he] has also been diagnosed with high cholesterol build up[10]." [49] at p. 3. He also indicates that he suffers from diabetes, hypertension

---

[8] Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t).
[9] The medical term appears to be "end stage renal disease" for which he receives dialysis treatment. This will be discussed *infra*.
[10] The Court notes that it could not locate any findings in the submitted medical records to substantiate this condition.

and pulmonary hypertension. [49-4] at p. 4. The Government responded by arguing simply that Defendant has not stated an ordinary and compelling reason [54], but without more, the Court does not necessarily agree.[11]

Because Defendant has not stated in his Motion the specific grounds articulated in the policy statement upon which he seeks compassionate release, and because the Court understands the Defendant's medical condition is the primary, and based on the thrust of the Defendant's arguments, the Court will consider the "Medical Circumstances of the Defendant" listed in the policy statement at U.S.S.G § 1B1.13(b)(1).

### a. Defendant has not shown he suffers from a terminal condition.

The first circumstance listed under U.S.S.G § 1B.1.13(b)(1) (Medical Circumstances of the Defendant) is that the "defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory," which lists as one example "end-stage organ disease." U.S.S.G § 1B.1.13(b)(1)(A). Defendant here indeed has end-stage renal disease ("ESRD"), for which he receives regular dialysis treatment. Just like the Warden stated in his denial, there does not appear to be any particular end-of-life prognosis for Defendant. Accordingly, the ESRD does not appear to be imminently terminal. He is on a waitlist for a kidney transplant and has been for at least six years. While Defendant's ESRD, particularly when combined with his other health issues, including the diabetes, hypertension, and bilateral retinopathy, may technically meet the definition of an extraordinary and compelling reason, that need not be the only consideration.

---

[11] The Government argues that Defendant also waived his right to seek "post-conviction relief," but the Court does not read the plea agreement so broadly, nor does the Court find that the relief sought by the Defendant falls under the category of the waiver. Defendant's plea agreement with the Government does not necessarily waive all post-conviction relief. Rather it states that Defendant waives his right "to contest the conviction and sentence." [37] at p. 4-5. While the Court has construed some motions for compassionate release as a defendant's veiled attempt to contest his/her sentence, that is not the case here. Defendant here is not contesting his conviction or the sentence, per se, but simply seeking early release under the applicable statute.

Defendant is housed at a federal medical facility that, as best the Court can tell, is consistently providing Defendant with his required dialysis.[12] Defendant does not complain about this treatment specifically, nor has he made any argument, much less made any showing, that he would receive better medical treatment outside of the prison system.[13] He does not represent that he has a stable environment to return to or even reasonable access to healthcare if he were to return to where he resided before incarceration. While the Court is certainly not unsympathetic to Defendant's medical conditions, they are being treated and do not appear to pose either a present or imminent risk to Defendant's longevity.

### b. Defendant has not demonstrated a substantially diminished ability to provide self-care.

The policy statement also provides that another extraordinary and compelling reason for release is when the defendant is suffering from a serious medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility from which he or she is not expected to recover." U.S.S.G § 1B.1.13(b)(1)(B)(i). There is no evidence or representations in the record that Defendant has a substantially diminished ability to provide self-care given his conditions. Thus, he would not qualify under this criterion.

### c. Defendant has not demonstrated that BOP provides inadequate care or that he is at risk of a serious deterioration in health.

According to the policy statement, extraordinary and compelling reasons also exist if a "defendant is suffering from a medical condition that requires long-term or specialized medical

---

[12] Although Defendant argues he is not receiving adequate medical care, the Court cannot take such vague statements at face value when the medical records reflect otherwise. When statements are undermined by the record, the Defendant's credibility is called into question. Point in fact, Defendant represents that he is struggling with obesity and that in July 2024 his weight reached 273.1 pounds. [49] at p. 5. However, the medical records do not support his contention. The records reveal that he has never exceeded 230 pounds and that he weighed 223.5 in August 2024. The Court is also wary of inconsistencies in Defendant's statements to his treating physicians as noted earlier—having stated on one occasion that he was a lifetime non-drinker but, on another occasion, stating that he had problems with alcohol.

[13] The Court recalls that at the time of sentencing, Defendant carried substantial medical debt due to his receiving dialysis in the years before his incarceration.

care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G § 1B.1.13(b)(1)(C). While Defendant's ESRD requires long-term, specialized care, i.e., regular dialysis, Defendant appears to be receiving consistent and adequate dialysis treatment with the BOP,[14] such that there is no lack of care putting him at risk.[15] The same is true for his bilateral retinopathy. Therefore, he would not qualify under this criterion either.[16]

### 3. Sentencing factors in § 3553(a)

Even if Defendant here had adequately shown extraordinary and compelling reasons for early release, Defendant is not automatically entitled to release, as the Court must still consider the applicable sentencing factors and exercise its discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (denying release even though terminal disease constituted an extraordinary and compelling reason for a sentence reduction and defendant did not present a danger upon release because release was discretionary not mandatory); *see also Ward v. United States*, 11 F.4th 354, 360 (5th Cir. 2021) (noting that the district court retains broad discretion to decide whether to grant compassionate release).

---

[14] The U.S. District Court for the District of Columbia has stated that "adequate care" is all that is required because "BOP need not provide 'optimal medical care or the care of an inmate's choosing.'" *United States v. Bailey*, No. CR 19-391 (JDB), 2025 WL 1114185, at *7 (D.D.C. Apr. 15, 2025)(quoting *United States v. Edwards*, Crim. A. No. 3-234 (JDB), 2022 WL 2866703, at *4 (D.D.C. July 21, 2022) (internal quotation marks omitted)). Defendant argues that prisoners wait over five years for kidney transplants and that FMC Devens cannot provide the adequate care required to manage a transplant. There is no evidence that Defendant would receive a kidney transplant sooner if he were to be released. He was on the list for six years prior to his incarceration, and there is no evidence that he would not receive adequate care should he receive a transplant. Defendant is merely engaging in self-serving speculation.

[15] The Court remains cognizant of Defendant's further complaint about his wound care that for which he has not yet exhausted his administrative remedies, which is why the instant motion will be denied without prejudice to bringing a proper motion that raises all current issues Defendant may be experiencing with proper support to carry his burden.

[16] There is one last extraordinary and compelling reason directed at the medical circumstances of the defendant, which deals with risk of being infected with infectious disease. S*ee* U.S.S.G § 1B.1.13(b)(1)(D). Defendant received a Covid vaccine on 3/24/24 and there is no showing that he is at risk for infection. [57] at p. 103. There is nothing in the record to evoke this basis for early release.

Section 3553(a) directs courts to consider: the nature and circumstances of the offense and the defendant's history and characteristics; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct; the need to protect the public; the need to provide rehabilitation for the defendant; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable United States Sentencing Guideline ("U.S.S.G.") provisions and policy statements; any pertinent policy statement of the Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among similarly situated defendants; and the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a).

Defendant has served less than a quarter of his sentence—having served just over 27 months of a 120-month sentence, which itself was a considerable downward variance from the Guideline range. *See* fn. 2. Thus, Defendant has not yet served a substantial portion of his sentence, which is needed to provide just punishment for the offense and reflect the seriousness of the crime. Without a more dire or inadequately treated medical condition at present, the Court finds that Defendant's current sentence is needed not only to promote respect for the law and provide just punishment but also, and more importantly, the need to provide the defendant with needed medical care in an effective manner. Defendant has provided no information as to a release plan such as where he would reside or how he would be able to afford and receive adequate medical care.[17]

## III. CONCLUSION

For the reasons stated herein, it is hereby ORDERED that Defendant Michael Brown's Motion for Compassionate Release [49] is DENIED without prejudice. Should Defendant believe

---

[17] When the basis for compassionate release is medical care, "[t]he inmate's request shall at a minimum contain . . . proposed release plans, where the inmate will reside, how the inmate will support himself/herself, and   . . . information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment." 28 C.F.R. § 571.61(a) (2025).

that extraordinary and compelling reasons exist or have arisen in the nine months since this current motion that would justify early release, Defendant may file another motion after he has properly exhausted his administrative remedies on the new grounds. Such motion should be properly supported as noted throughout this Order.

SO ORDERED AND ADJUDGED this 2nd day of May 2025.

                                                /s/ Keith Starrett
                                                KEITH STARRETT
                                                UNITED STATES DISTRICT JUDGE